# RE CAMUY SUGAR COMPANY.

San Juan, in Bankruptcy, No. 91.

### As to Jury Trial on Demand of an Alleged Bankrupt.

Bankruptcy — *Vel Non* — Jury Trial.

It is discretionary with the court whether it will summon a special jury to try an issue of bankruptcy *vel non* on the demand of the alleged bankrupt, or will wait until a jury is regularly in attendance. Unless the regular jury term is distant, the court will not ordinarily order a special venire.

Opinion filed October 17, 1913.

*Messrs. Hartzell & Rodriguez Serra* for petitioning creditors.

*Mr. F. H. Dexter* for defendant.

VI. Porto Rico—21.

Re Camuy Sugar Co.

HAMILTON, Judge, delivered the following opinion:

In this case a demand was regularly made by the defendant for a trial by jury of the issues of insolvency and act of bankruptcy, and the order was made. The time, however, was not named. The defendant insists that a special jury should be empaneled.

Under § 19b of the bankruptcy act, it is provided that a special jury may be called, or that the case may be postponed. In the case at bar we are confronted with the fact that there is no jury in attendance on the court, and will not be until the 2d Monday in November, about three weeks off.

The court will exercise its discretion by directing that this case be set for the first regular jury day, and will not empanel a special jury at present. The object of the bankruptcy law is to afford an expeditious procedure, but the judge of the court is here ready to try all issues that may come up, and if the parties prefer a jury, they must wait until there is a jury. If it were a long time off, the judge's discretion might be exercised differently, but such is not the case at bar.

It may be added that there may be a question as to how to pay a special jury, if summoned, and there seems to be no good reason for running any risks of that kind. Collier, Bankr. 7th ed. 366.

An order will be entered accordingly.